## Lycoming Trust Company v. Allen.

*Miller A. Johnson* and *Seth T. McCormick*, for plaintiff.
*Curtis C. Lesher*, for defendant.

POTTER, P. J., Aug. 12, 1929.—The plaintiff has brought suit against the defendant for the recovery of $2200, with interest from Dec. 10, 1928, and protest fees of $2.43 on a promissory note that was endorsed over to them in the usual course of business.

The defendant delivered the note in question to the Park Amusement Corporation, whose treasurer was N. E. Watson, who, for and in behalf of his corporation, endorsed it over to the James V. Bennett Company, a partnership. Sherman E. Bennett, a partner, for and in behalf of his firm, endorsed it over to the West End Lumber and Supply Company, Inc., which corporation, by its president, C. E. Updegraff, endorsed it over to the plaintiff.

When the first statement of claim was filed, a statutory demurrer was filed, setting out that the statement did not show that the persons who endorsed the note had authority to do so from their respective principals. We upheld the demurrer. A second statement was filed, setting out a general authority on the part of the endorsers to make the endorsements, which we have before us.

We have no hesitation in saying that we consider the second statement sufficient. For many years it was a mooted question in what respect and to what extent the statement should set out the authority of the person who made the endorsement to act for the principal. We have had decisions of the appellate courts looking both ways, but, in our judgment, the question is now

well settled by the provisions of the Act of May 12, 1925, P. L. 615, which provides as follows:

"Section 1. The by-laws of any corporation organized or doing business within the Commonwealth shall operate merely as regulations among members and stockholders of the corporation, and shall have no effect upon the contracts or other dealings with other persons, unless such persons shall have actual knowledge of such by-laws.

"Section 2. Any note, mortgage, evidence of indebtedness, contract or other instrument of writing, or any assignment or endorsement thereof, executed or entered into between any corporation organized or doing business within the Commonwealth, and any other person, copartnership, association or corporation, when signed by the president or vice-president and secretary or treasurer of such corporation, shall be held to have been properly executed for and in behalf of such corporation."

We think this act clears the atmosphere, and under its provisions we think the plaintiff's second statement quite sufficient. We find it referred to that the defendant did not receive value for the note given. This is a matter of defense to be considered at the trial.

And now, to wit, Aug. 12, 1929, the affidavit of defense raising questions of law is dismissed and the defendant is given the usual fifteen days from this date in which to file an affidavit of defense to the merits of the case. An exception is noted for the defendant and a bill is sealed.

From A. Francis Gilbert, Middleburg, Pa.